REDMANN, Judge.
A construction contract between a business corporation and a governmental agency contained a stipulation for arbitration of disputes. Neither the corporation’s nor the public agency’s resolution authorizing the contract included express authority to stipulate for arbitration. On this appeal from a judgment ordering the public agency to arbitrate, we hold that the contractual stipulation for arbitration was not authorized by either party to the contract and is therefore unenforceable.
“[T]he power [of attorney] must be express . . . [to] refer a matter to arbi *1046 tration.” La.C.C. 2997. Even the power to compromise “does not include that of submitting or referring to arbitrators.” C.C. 2998.
The trial judge reasoned that apparent authority or ratification (by having arbitrated an earlier dispute) should bind both parties. We disagree. The Civil Code does not permit implied authority to bind to arbitration. Neither pre-contract actions nor a post-contract submission of one dispute constitutes “express” authority to manda-taries to bind either the corporation or the public agency to future arbitration of disputes.
Reversed at plaintiff’s cost.