BOLIN, Justice, Ad Hoc.
Landis Construction Co., Inc. (Landis) brought suit against the Health Education Authority of Louisiana (HEAL) to compel arbitration under the terms of a construction contract. HEAL denied the existence of an agreement to arbitrate on the ground that the signatories to the construction contract were without authority to stipulate for arbitration. From judgment of the trial court ordering arbitration, HEAL appealed. The court of appeal reversed. 359 So.2d 1045 (La.App. 4th Cir. 1978). We granted writs to review the correctness of this judgment. We reverse the judgment of the court of appeal.
On May 25, 1973, Landis, a corporation engaged in the business of contracting, and HEAL, a corporate and public body and an instrument of the State of Louisiana, executed an agreement whereby Landis was to construct a parking garage in New Orleans for HEAL. It is not now contended that the contract lacked a provision for arbitration of disputes. The vice-president of Lan-dis and the Chairman of the Board of Trustees of HEAL executed the agreement on behalf of the two corporations.
After the garage was constructed a lien dispute arose and Landis brought this suit to compel arbitration in 1976. HEAL contended that the stipulation for arbitration was invalid because the signatories to the contract were without power to so stipulate under the terms of La.Civil Code article 2997. This article, found in the section of the code entitled “Of Mandate”, provides in part:
Thus the power must be express and special for the following purposes:

******

To compromise or refer a matter to arbitration.

******

At trial a 1965 resolution of the Board of Directors of Landis was introduced. In essence it granted to the vice-president the power to execute such contracts as he deemed proper and to the advantage of the corporation. Also introduced, without objection, was a resolution of HEAL, dated April 19,1973, accepting Landis’ bid for the construction of the parking garage. The HEAL document provided in part:
The Executive Director or the Chairman of the Board is authorized to execute a contract with Landis Construction Company, the contract to be approved in advance by [the architect] and by general counsel for HEAL,
Relying on these resolutions, the trial court found that the vice-president of Lan-dis and the Chairman of the Board of Trustees of HEAL had the authority to execute the construction contract. Although the exact basis for the trial court’s decision is unclear, the court concluded:
*332 This particular contract contained an arbitration clause; and either by express or apparent authority or subsequent ratification by the principals, HEAL and Lan-dis, both parties should be bound by the contract and all its elements. Included in these elements, of course, is the arbitration clause.
In reversing the lower court the appellate court stated that neither resolution expressly authorized the party signing the contract to stipulate for arbitration as required by La.C.C. art. 2997. The court further found no ratification of the contract. On rehearing the court also rejected the argument that the respective resolutions of the two corporations were aimed at this particular construction contract such that they could be construed as granting express authority to stipulate for arbitration.
At the outset we point out that we are restricting our review to the question of whether or not HEAL is bound by the stipulation for arbitration. We have determined that HEAL’s actions in confecting a contract with the representative of Landis and deriving benefits from that contract prevent it from urging the lack of authority of Landis’ vice-president as a defense in this litigation. William D. Seymour & Co. v. Castell, 160 La. 371, 107 So. 143 (1926); Squier v. Stockton, 5 La.Ann. 120 (1850); United States Securities Corp. v. Exchange National Bank, 15 La.App. 23, 130 So. 818 (2d Cir. 1930).
Turning to the issue before us, we conclude the Chairman of the Board of Trustees of HEAL did have express authority to bind HEAL to the arbitration clause. Because of the narrow grounds on which we decide this case, it is unnecessary to address the broader question of whether the private law of mandate necessarily applies to the acts of a public or private corporation which must operate through a representative.
We disagree with the appellate court’s interpretation of HEAL’s resolution. The intermediate court was of the opinion that this resolution was not aimed at the specific construction contract confected between the two corporations to the extent that each corporation would be bound to every clause in the contract once it was executed.
Under the express wording of HEAL’s resolution, dated about a month prior to the actual execution of the construction contract, the Executive Director or Chairman of the Board was authorized to execute the contract with Landis whose low bid for the construction of the parking facility was being accepted. In our view, this authorization was aimed at the specific construction contract in question. The resolution also provided, in part, that the contract was to be approved by HEAL’s general counsel and architect. Testimony taken at the trial establishes that counsel for HEAL had reviewed the portions of the contract containing the stipulation for arbitration before the contract was executed. It is also clear that the specifications which were made a part of the contract were prepared by HEAL’s architect. In fact, the arbitration provision appears in these specifications.
We hold that the express authority to execute the specific construction contract included the authority to bind HEAL to each and every provision of the contract, including the stipulation for arbitration.
For the reasons assigned the judgment of the court of appeal is reversed and the judgment of the trial court is affirmed. Defendant is cast with whatever cost is permissible by law.