STOULIG, Judge.
The State of Louisiana (State) has appealed a judgment compelling it to return to arbitration proceedings in a dispute with Huber, Hunt & Nichols, Inc. (Huber), the contractor, arising out of a contract to construct a building in the LSU Medical Center in New Orleans.[1] The dispute involves Huber’s claim for extra compensation of approximately $750,000 and a 40-day extension of the contract completion time because of an unusually high incidence of breakage of prestressed concrete piling driven for the foundation by the subcontractor, Boh Brothers Construction Co.
Huber, following Article 2, Section 2.2.6 of the American Institute of Architects (AIA) General Conditions of the Contract of Construction, made part of the contract between Huber and the State, first submitted the dispute to the project’s architect. The State rejected liability for the breakage and Huber then demanded arbitration under the compulsory arbitration clauses in the contract.[2]
*1294 Initially the State did not resist arbitration and on June 16, 1976, this matter was docketed as proceeding No. 72-10-0045-76 of the American Arbitration Association, Dallas regional office. In subsequent months both litigants participated in the preliminary procedural stages of arbitration, but on December 14, 1976, the State advised Huber it did not think the matter was subject to arbitration.
Huber sought unsuccessfully an order from federal district court compelling the State to proceed; however, that tribunal decided it lacked jurisdiction. Huber then filed this suit and obtained an order from the Civil District Court for the Parish of Orleans to compel the State to proceed with arbitration and to comply with Huber’s requests for discovery under C.C.P. art. 1421, et seq. From this judgment the State has appealed.
Appellant rested its argument on our decision in Landis Const. Co. v. Health Ed. Auth., 359 So.2d 1045 (La.App. 4th Cir. 1978), which, at the time the instant case was submitted, was pending before the Supreme Court on writs of review.
In Landis we held a stipulation for arbitration was unenforceable in a construction contract between a public agency and a private corporation when neither was expressly authorized to agree to arbitration in the resolutions enabling them to contract. The Supreme Court reversed this result holding the authority to execute the contract included the authority to bind the agency to all its provisions, including an agreement to arbitrate.[3]
In this case the authority of the public agency (Division of Administration, Facility Planning & Control Department) to contract is derived from R.S. 39:1410, which, inter alia, authorizes the Division of Administration to approve capital outlay programs proposed by Louisiana State University, to make available funds for construction and to supervise and administer the letting of contracts to accomplish this purpose.
Applying Landis we conclude the State is bound by all the provisions of the contract to which it became a party and hold it is obligated to submit the dispute in question to arbitration.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. The contract in question is dated January 5, 1976 between Huber, Hunt & Nichols, Inc., and the State of Louisiana through its Division of Administration.

. “2.2.6 The Architect will be, in the first instance, the interpreter of the requirements of the Contract Documents and the judge of the performance thereunder by both the Owner and Contractor. The Architect will, within a reasonable time, render such interpretations as he may deem necessary for the proper execution or progress of the Work.
******
*1294 “2.2.10 Any claim, dispute or other matter that has been referred to the Architect, except those relating to artistic effect as provided in Subparagraph 2.2.9 and except any which have been waived by the making or acceptance of. final payment as provided in Subparagraphs 9.7.5 and 9.7.6, shall be subject to arbitration upon the written demand of either party. * * ******
“7.10 ARBITRATION
“7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect’s decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.”

. Landis Const. Co. v. Health Ed. Auth., 367 So.2d 330 (La.1979).